# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1696
_____

United States of America

*Plaintiff - Appellee*

v.

Lavell Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 20, 2021
Filed: November 18, 2021
[Published]
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

In July 2008, Lavell Williams pleaded guilty to conspiracy to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. Due to prior felony drug convictions, Williams faced a mandatory life sentence under §§ 841(b)(1)(A) and 851. However, in a Rule 11(c)(1)(C) plea agreement, Williams and the government agreed to recommend a sentence of 262 months imprisonment,

the bottom of her advisory guidelines sentencing range of 262 to 327 months. After considerable discussion at Williams's sentencing hearing, the district court[1] accepted the plea agreement and imposed a 262-month sentence. In 2012, 2013, and 2018, the court denied Williams's motions to reduce her sentence under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, and Sentencing Guideline amendments 750 and 782.

In February 2019, Williams filed a *pro se* motion to reduce her sentence under Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; see 21 U.S.C. § 841, Stat. Notes. Section 404 allows a sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. (citation omitted). The Federal Public Defender's Office filed a brief in support of Williams's motion in January 2020.

A court considering a First Step Act motion must first "decide whether the defendant is eligible for relief under § 404," and then, "if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). In its March 2020 order denying Williams's motion, the district court first ruled that she was eligible for retroactive application of the Fair Sentencing Act and that her "Rule 11(c)(1)(C) plea agreement does not make her ineligible." However, the court then declined to exercise its discretion to reduce Williams's sentence. The court determined that Williams "was and is a career offender whose sentencing guideline range was and is 262 to 327 months' incarceration." Therefore, the court explained, the original sentence that it imposed continues to be appropriate because Williams "is a classic 'bottom of the

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

range' career offender." Williams appeals. Reviewing the denial of a First Step Act reduction for abuse of discretion, we affirm. Id. at 771.

Williams's Brief on appeal, filed July 31, 2020, presented arguments that were also presented in a number of First Step Act appeals then pending in this court. The appeal was not assigned for submission to this panel until August 20, 2021. On September 14, the Assistant Federal Defender who filed Williams's Brief submitted a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure advising that recent Eighth Circuit decisions filed after Williams's Brief rejected arguments presented in her Brief. We applaud counsel's candor in making sure our panel was aware of unfavorable precedent that may be controlling.

After careful review of the record, we conclude that Williams's arguments on appeal are indeed foreclosed by our recent First Step Act precedents. (i) The fact that the district court did not make an affirmative statement acknowledging its broad First Step Act discretion does not raise an inference that the court misapprehended the scope of its authority. See, e.g., United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020). Williams argues the district court's failure to discuss "highly relevant and significant factors" suggests the court "failed to exercise any discretion at all." But the court's "plain statement regarding its decision not to exercise its discretion" was sufficient. United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020).

(ii) In exercising its First Step Act discretion, a district court may consider the 18 U.S.C. § 3553(a) sentencing factors, but Section 404 "does not mandate" analysis of these factors. United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). Likewise, the district court "need not respond to every argument made by defendant," including arguments premised on the § 3553(a) factors. United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019). Here, the district court "was the original sentencing court and thus was uniquely positioned to consider the many factors

necessary in exercising its ultimate discretion." <u>United States v. Hoskins</u>, 973 F.3d 918, 922 (8th Cir. 2020) (quotation marks omitted).

(iii) In reviewing Section 404 orders, "the standard for appellate review is whether the sentencing judge 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" <u>Booker</u>, 974 F.3d at 871, quoting <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007). As in <u>Hoskins</u>, 973 F.3d at 921-22, Chief Judge Jarvey's explanation for declining to exercise his Section 404 discretion -- because the reasons that he accepted the Rule 11(c)(1)(C) plea agreement and imposed the initial sentence continue to apply -- satisfy this standard. There was no abuse of the court's substantial First Step Act discretion.

The Order of the district court dated March 21, 2020, is affirmed.

_____