**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-6234**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

    v.

JERRELL ANTONIO THOMAS, a/k/a Baby Huey,

      Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:94-cr-00069-RGD-3)

Argued:  January 27, 2022                      Decided:  May 3, 2022
                 Amended:  May 4, 2022

Before GREGORY, Chief Judge, MOTZ, and WYNN, Circuit Judges.

Affirmed by published per curiam opinion.

**ARGUED:**  Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

PER CURIAM:

In July 1994, Jerrell Antonio Thomas pled guilty to Continuing a Criminal Enterprise ("CCE") and Money Laundering. During his sentencing, and under the 1994 United States Sentencing Guidelines, Thomas received an adjusted offense level of 42 and a criminal history category of III. Then, the district court sentenced Thomas to Four Hundred Twenty (420) months' incarceration on the CCE offense and to Two Hundred Forty (240) months' incarceration for money laundering, to be served concurrently.

On April 12, 2019, Thomas filed a *pro se* motion to reduce his sentence pursuant to § 404 of the First Step Act of 2018 ("FSA"), which the district court denied on grounds that Thomas's convictions were not covered offenses. On appeal, Thomas argues that his CCE offense, under 21 U.S.C. §§ 848(a) and (c), is a covered offense under the FSA because Congress amended the crack cocaine drug weight required to trigger a mandatory life sentence under § 848(b). Because we find that Thomas's conviction under §§ 848 (a) and (c) is not a covered offense under the FSA, we affirm the district court's holding.

I.

On April 28, 1994, Thomas was named in a thirty-two (32) count indictment charging him and various co-defendants with multiple drug related crimes. J.A. 24–70. On July 22, 1994, Thomas pled guilty to Count Two, charging him with CCE, in violation of 21 U.S.C. §§ 848(a) and (c), and to Count Twenty-Eight, charging him with Money Laundering, in violation of §§ 1956(a)(1)(B)(i) and (ii) and § 1957. J.A. 80, 11, 167. The

CCE count incorporated by reference Counts One, and Three through Twenty-One, which were offenses for distributing powdered and crack cocaine. J.A. 47, 49–58.

According to his Presentencing Report ("PSR"), Thomas was attributed with distributing 100.5 kilograms of cocaine base between 1990 and 1993. J.A. 176 (citing PSR at ¶ 27). During his sentencing hearing, held on January 31, 1995, the district court found that Thomas was responsible for seventy-six (76) kilograms of crack cocaine, that he was a leader of the conspiracy, and that he had prior convictions for attempted first degree murder as well as a federal indictment for two counts of first-degree murder. J.A. 175, 179, 194, 197; PSR ¶¶ 26, 45–47. Under the 1994 Sentencing Guidelines, the PSR calculated the relevant drug quantity to be 1.5 kilograms or more of cocaine base, which corresponded to a base offense level of 38. *See* USSG § 2D1.1(c)(1). After several offense-level adjustments, Thomas received a final offense level of 42 and a criminal history category of III. J.A. 200; *see also* PSR at ¶ 27. His statutory range was 20 years to life incarceration on Count Two and a maximum of 20 years' incarceration on Count Twenty-Eight. J.A. 187. His sentencing guideline range was 360 months to life on both counts. *Id.* In all, the district court sentenced Thomas to 420 months' incarceration on Count Two and to 240 months' incarceration on Count Twenty-Eight, to be served concurrently, followed by five years' supervised release. J.A. 81. Thomas did not appeal but later filed various unsuccessful motions to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Thomas*, 321 F. App'x 278 (4th Cir. 2009); *United States v. Thomas*, 600 F. App'x 175 (4th Cir. 2015).

On April 12, 2019, Thomas filed a *pro se* motion to reduce his sentence pursuant to § 404 of the FSA, *see* J.A. 89–92, and another to appoint counsel, *see* J.A. 87–88. The district court denied the motion to appoint counsel and directed the government and probation officer to respond to Thomas's motion to reduce his sentence. *See* J.A. 95, 97–113, 115–20. In response, the probation officer determined that Thomas's conviction under 21 U.S.C. §§ 848(a) and (c) was not a covered offense, and, thus, he did not qualify for a sentence reduction. On September 18, 2019, the district court denied Thomas' motion to reduce his sentence under the FSA because Thomas's convictions were not covered offenses.

On September 26, 2019, Thomas filed a motion to reconsider and a renewed motion to appoint counsel. J.A. 124–26. On November 25, 2019, the district court denied Thomas's motion to reconsider and his renewed motion to appoint counsel. J.A. 142–47. On December 3, 2019, Thomas objected to the district court's denial of his motion to reconsider. J.A. 148–60. On January 27, 2020, the district court denied Thomas's motion for reconsideration. On February 3, 2020, Thomas filed a timely notice of appeal to this court. J.A. 166.

## II.

We review *de novo* questions of statutory interpretation. *Taylor v. Grubbs*, 930 F.3d 611 (4th Cir. 2019); *see also United States v. Allen*, 716 F.3d 98, 106 (4th Cir. 2013) (explaining that the "Fair Sentencing Act applied to [a defendant] is a question of law which [this Court] decide[s] de novo"). Moreover, because 18 U.S.C. "§ 3582(c)(1)(B) is

the appropriate vehicle for a First Step Act motion," *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019), we review the district court's denial of § 3582 motions *de novo*, *United States v. Gravatt*, 953 F.3d 258, 261–62 (4th Cir. 2020).

## III.

This case deals with the statutory interpretation of the Fair Sentencing Act ("the Act") and presents an issue of first impression: whether Thomas' CCE conviction under §§ 848(a) and (c) qualifies as a "covered offense" under the Act. We hold that it does not.

## A.

We begin with the relevant statute and discuss our case law. In August 2010, the Act was signed into law, *see* Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 (2010), to redress federal law that "set the crack-to-powder mandatory minimum ratio at 100-to-1," which disproportionately impacted African American defendants. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012); *see also Kimbrough v. United States*, 552 U.S. 85, 98 (2007) (noting that "[a]pproximately 85 percent of defendants convicted of crack offenses in federal court are black; thus the severe sentences required by the 100-to-1 ratio are imposed 'primarily upon black offenders'"). The Act reduced the statutory minimum sentences for crack cocaine offenses by raising the quantities required to trigger the minimums – from 50 grams to 280 grams for the ten-year mandatory minimum and from 15 grams to 28 grams for the five-year mandatory minimum. *See* the Act § 2 (codified at 21 U.S.C. § 841(b)(1)). "The effect of the changes was to reduce the sentencing disparity between crack cocaine offenses and powder cocaine offenses by lowering the crack-to-

5

powder ratio from 100-to-1 to 18-to-1." *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013).

Then, in December 2018, Congress enacted the FSA. Section 404 of the FSA made sections 2 and 3 of the Act retroactive. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (codified at 21 U.S.C. § 841). Under the FSA, "Congress authorized the courts to provide a remedy for certain defendants who bore the brunt of a racially disparate sentencing scheme." *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020). Accordingly, sentencing courts "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *See* § 404(b). Thus, FSA eligibility turns on the proper interpretation of a "covered offense." A "covered offense" is defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id*. § 404(a), 132 Stat. at 5222 (citation omitted).

In *United States v. Wirsing*, we explained that "the most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a violation of a Federal criminal statute.'" 943 F.3d 175, 185 (4th Cir. 2019), *as amended* (Nov. 21, 2019) (quoting § 404(a), 132 Stat. at 5222). Specifically, we clarified that a defendant "is eligible to seek relief under the First Step Act because, 'before August 3, 2010,' he 'committed' a 'violation' of 21 U.S.C. §§ 841(a) and (b)(1)(B)(iii), and 'the statutory penalties' for that statute 'were modified by' Section 2 of the Fair

6

Sentencing Act." *Id.* at 186; *see also United States v. Venable*, 943 F.3d 187, 188–89 (4th Cir. 2019) ("The Fair Sentencing Act reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by increasing the amount of [crack cocaine] required to trigger certain statutory penalties.").

Then, in *United States v. Gravatt*, we stated that there is "nothing in the text of the Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act." 953 F.3d at 264. In *Gravatt*, a petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute (1) five (5) kilograms or more of powder cocaine and (2) fifty (50) grams or more of crack cocaine which would have carried a minimum sentence of ten years to life pursuant to 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846. *Id.* at 261. After the passage of the FSA, Gravatt moved to reduce his sentence, but the district court denied his petition on grounds that the crack cocaine aspect of the dual-object conspiracy had no effect on his statutory penalty range because he faced the same range for conspiring to possess with intent to distribute powder cocaine, the penalties for which were not modified by the Act, and which independently supported his sentence. *Id.* On appeal, we vacated the district court's judgment and reasoned that "[b]ecause Gravatt's sentence involved a covered offense under Section 404(a) and Section 404(c)'s limitations do not apply, the district court should have reviewed Gravatt's motion on the merits, applying its discretion under Sections 404(b) and (c)." *Id.* at 264. We further reasoned that "[i]f Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language, [b]ut it did not." *Id.* Therefore, though

7

an offense for distributing powered cocaine was plainly not a covered offense, Gravatt was still eligible for relief under the FSA because he was also sentenced for violating a covered offense involving crack cocaine. *Id.* at 264; *see also United States v. Bennett*, 855 F. App'x 133, 134 (4th Cir. 2021) (holding that because petitioner was convicted of conspiracy to possess with intent to distribute cocaine, and not crack cocaine, petitioner was ineligible under the Act).[1]

Most recently, we held that the Act "modified the statutory penalties of 21 U.S.C. § 841(b)(1)(C) as it pertains to crack cocaine offenses, such that a conviction for trafficking crack cocaine pursuant to that statute is a 'covered offense.'" *United States v. Woodson*, 962 F.3d 812, 814 (4th Cir. 2020). We first noted that though the Act "did not alter the terms of imprisonment specified in Subsections 841(b)(1)(A)(iii) and (B)(iii), it did alter the amounts of crack cocaine required to trigger those terms." *Id.* at 815. Specifically, under the Act, offenses involving 280 or more grams were now punished by ten years to life in prison under Subsection (A) and offenses involving between 28 and 280 grams are now punished by five to forty years in prison under Subsection (B). Accordingly, we reasoned that though the penalties in § 841(b)(1)(C) were not directly amended by the Act, because Congress altered the quantities of crack cocaine required to trigger the penalty

---

[1] Other sister circuits have also held that dual-object conspiracy to distribute both crack and powder cocaine is a covered offense under the Act. *See, e.g.*, *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020) (holding defendant convicted of crack offense and firearm offense eligible for FSA relief); *United States v. Spencer*, 998 F.3d 843, 847 (8th Cir.), *cert. denied*, 141 S. Ct. 2715, (2021), and *cert. denied*, 142 S. Ct. 369 (2021), and *cert. denied*, 142 S. Ct. 369 (2021); *United States v. Taylor*, 982 F.3d 1295, 1301 (11th Cir. 2020); *United States v. Mitchell*, 832 F. App'x. 387, 390–91 (6th Cir. 2020) (Stranch, J., concurring) (signaling support for *Gravatt*'s approach).

8

provisions in Subsections (A) and (B), it also altered the quantities required to trigger the penalty in Subsection (C) for offenses involving less than 28 grams of crack cocaine. *Id.* at 816. Thus, we clarified in that "the relevant change for purposes of a 'covered offense' under the First Step Act is *a change to the statutory penalties for a defendant's statute of conviction*, not a change to the defendant's particular sentencing range as a result of the Fair Sentencing Act's modifications." *Id.* (emphasis added).

Recently, however, the Supreme Court rejected our approach in *Woodson*[2] and clarified that a petitioner charged with an offense in violation of §§ 841(a) and (b)(1)(C)[3] was not eligible for relief under the Act because Congress did not directly alter the penalties in Subsection (C). *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021). *Terry* clarified that the central question district courts must ask is "whether the Fair Sentencing Act

---

[2] The First Circuit followed the same approach as *Woodson*. *See United States v. Smith*, 954 F.3d 446, 450 (1st Cir. 2020) (reasoning that "[s]ince § 841(b)(1)(C) is defined in part by what § 841(b)(1)(A) and § 841(b)(1)(B) do not cover, a modification to the latter subsections also modifies the former by incorporation."). On the other hand, the Third Circuit determined that § 841(b)(1)(C) was not modified by the Act and thus did not qualify as a "covered offense" under the FSA. *United States v. Birt*, 966 F.3d 257, 263 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 2790 (2021). In *Terry*, the Supreme Court cited to *Birt* for the proposition that quantity was "never [] an element under [] subparagraph [C]" and, thus, Congress did not amend the quantities required to trigger the penalties of subparagraph C. *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021). Later, the Seventh Circuit in en banc review and following *Terry*, vacated its previous holding that § 841(b)(1)(C) is a covered offense under the FSA. *United States v. Hogsett*, 982 F.3d 463, 468 (7th Cir. 2020), *vacated on denial of reh'g*, 850 F. App'x 452 (7th Cir. 2021).

[3] The elements of this offense are: (1) knowing or intentional possession with intent to distribute, (2) some unspecified amount of a schedule I or II drug. Before 2010, the statutory penalties for that offense were 0-to-20 years, up to a $1 million fine, or both, and a period of supervised release. Because the FSA did not modify the penalties for this third penalty/offense, the Supreme Court found that the Act did not apply. *Terry*, 141 S. Ct. at 1863.

modified the statutory penalties for petitioner's offense." *Id.* at 1862. In making this determination, the focus of our inquiry is "on the statutory penalties for petitioner's offense, not the statute or statutory scheme." *Id.* at 1863. *Terry* further clarified that "[i]n light of the clear text, . . . § 2(a) of the [Act] modified the statutory penalties only for subparagraph (A) and (B) crack offenses—that is, the offenses that triggered mandatory-minimum penalties." *Id.* at 1864; *see also id.* at 1867–68 (Sotomayor, J., concurring) (noting that there is a grave injustice in how Congress drafted the FSA which *Terry* highlighted and clarifying that "[w]hile career offenders convicted under subparagraph (A) or subparagraph (B) can now seek resentencing, that door remains closed to career offenders convicted under subparagraph (C)").

The case at bar presents an issue of first impression: whether a petitioner convicted under §§ 848(a) and (c) may seek relief under the FSA. For the reasons stated below, and pursuant to *Terry*, we hold that that §§ 848(a) and (c) is not a covered offense.

### B.

At issue here is Count Two, the CCE violation under §§ 848(a) and (c).[4] J.A. 47–48. Section 848(a) provides, in relevant part, that "[a]ny person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years, and which may be up to life imprisonment." Then, § 848(c) defines that a person is engaged in a continuing criminal enterprise if—

---

[4] Thomas does not argue that Count Twenty-Eight, charging him with money laundering, in violation of § 1956(a)(1)(B)(i) and (ii) and § 1957, could qualify for a sentence reduction under the FSA.

(1) he violates any provision of this subchapter or subchapter II the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II—

> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

> (B) from which such person obtains substantial income or resources.

21 U.S.C. § 848(c). To sustain a conviction for § 848(c) the government must prove the following five elements:

> (1) the defendant committed a felony violation of the federal drug laws; (2) such violation was part of a continuing series of violations of the drug laws; (3) the series of violations were undertaken by the defendant in concert with five or more persons; (4) the defendant served as an organizer or supervisor, or in another management capacity with respect to these other persons; and (5) the defendant derived substantial income or resources from the continuing series of violations.

*United States v. Stewart*, 256 F.3d 231, 254 (4th Cir. 2001).

> The statute then prescribes a mandatory life sentence for a subset of defendants if:

> (1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and

> (2) (A) the violation referred to in subsection (c)(1) *involved at least 300 times* the quantity of a substance described in subsection 841(b)(1)(B) of this title, or (B) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B) of this title.

21 U.S.C. § 848(b) (emphasis added).

11

On appeal, Thomas makes two arguments for why his CCE conviction is a covered offense. First, Thomas argues that because his CCE conviction was predicated on his offenses for distributing crack cocaine[5], in violation of §§ 841(a)(1) and 846, his CCE offense is a covered offense as the Act modified the statutory penalties for the drug offenses. Opening Br. at 12–18. Thus, Thomas argues that eligibility under the FSA requires only showing that the Act "modified the statutory penalties applicable to a violation of a federal criminal statute established as part of the offense of conviction." Opening Br. at 16 (citing *Woodson*, 962 F.3d at 816).

Since *Terry* rejected our approach in *Woodson*, Thomas's argument is also foreclosed. *Terry*, 141 S. Ct. at 1863 (clarifying that the focus of the FSA inquiry is "on the statutory penalties for petitioner's offense, not the statute or statutory scheme"). To be sure, *Terry* did not impugn our previous holding that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act." *Gravatt*, 953 at 264 (quoting *Wirsing*, 943 F.3d at 186.). Though the Act did modify the penalties for Thomas's predicate violations under §§ 841(a)(1) and 846, Thomas's statutory penalty range for violating §§ 848(a) and (c)

---

[5] Specifically, Count One, the § 846 conspiracy charge, alleged both the distribution of crack cocaine and possession of crack cocaine with intent to distribute. *See* J.A. 25. Counts Eighteen, Nineteen, and Twenty charged possessing with intent to distribute, respectively, one-half kilogram, one kilogram, and one kilogram of crack cocaine, in violation of §§ 841(a)(1) and (b)(1)(A)(iii). J.A. 56–57. Count Twenty-One charged Thomas with possession of 1.5 kilograms of crack cocaine, in violation of §§ 841(a)(1) and (b). J.A. 58. Count Twenty-One was expressly incorporated into Count Two, the CCE count. J.A. 47.

remained the same before and after the FSA—20 years to life imprisonment, a fine, and a term of supervised release. Thus, because Thomas is serving a sentence for violating §§ 848(a) and (c), his offense is not a covered offense under the FSA. Furthermore, in interpreting § 848, the Supreme Court has also clarified that a jury "must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Richardson v. United States*, 526 U.S. 813, 815 (1999). We have further clarified that the underlying factual allegations to satisfy the "continuing series of violations" element does not alter the statutory penalty range depending on whether crack was involved or on the quantity of crack involved. *See United States v. Stewart*, 256 F.3d 231, 254 (4th Cir. 2001); *United States v. Hall*, 93 F.3d 126, 129 (4th Cir. 1996), *abrogated on other grounds by Richardson v. United States*, 526 U.S. 813 (1999); *United States v. Heater*, 63 F.3d 311, 316–17 (4th Cir. 1995); *United States v. Ricks*, 882 F.3d 885, 890–91 (4th Cir. 1989). Accordingly, though Thomas's conviction for §§ 848(a) and (c) required a finding that he committed a continuing series of drug violations, the quantity and drug type of these violations made no difference for sentencing purposes, whereas they would matter to secure a conviction and sentence under § 848(b).

Second, Thomas argues that because the Act modified the penalties for § 848(b), and because he could have faced an enhanced minimum life sentence based on his

13

indictment incorporating his crack cocaine offenses, he is eligible for relief.[6] *See* J.A. 18–21. Specifically, because he was sentenced before *Apprendi*,[7] Thomas argues that the Government could have obtained a mandatory life sentence enhancement by a preponderance of the evidence standard, met by the incorporating the crack cocaine offenses into the CCE count. *See* Opening Br. at 11, 16; *see also* J.A. 47.

Thomas's second argument is not entirely without merit. Indeed, during his sentencing hearing, the district court found the facts necessary to impose a mandatory life

---

[6] There is a question of whether § 848(b) defines a separate offense, or if it simply sets out factors that should be used to enhance the sentence imposed for a violation of § 848(a). *Apprendi* held that a fact is an element of the offense and must be submitted to the jury if it increases the punishment above the authorized statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Later, the Supreme Court applied *Apprendi*'s reasoning to include "not only facts that increase the ceiling, but also those that increase the floor[,]" referring to mandatory minimum sentences. *See Alleyne v. United States*, 570 U.S. 99, 108 (2013). Though we have not answered this question with respect to § 848(b), *Apprendi* and *Alleyne* suggest that for the Government to obtain the increased mandatory minimum life sentence under § 848(b), the Government, today, must prove the requisite elements beyond a reasonable doubt before a jury. Still, in 1994 and before *Apprendi* and *Alleyne*, Thomas could have faced the increased mandatory life minimum which could have been applied during sentencing by a preponderance of the evidence standard. Before *Alleyne*, some sister circuits arrived at a different conclusion. *See, e.g., United States v. Smith*, 223 F.3d 554, 563–66 (7th Cir. 2000) (holding that § 848(b) sets out sentencing factors which need not be proven beyond a reasonable doubt before a jury or named in the indictment because *Apprendi* is inapplicable where a defendant faces a life sentence irrespective of the challenged factual finding made by the sentencing court); *see also United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000) (stating that *Apprendi* applies only if the challenged, nonjury sentencing finding increases the maximum sentence beyond the statutory range authorized by the offense of conviction), *cert. denied*, 531 U.S. 1026 (2000); *United States v. Jackson*, 345 F.3d 638, 647 (8th Cir. 2003) (same).

[7] In *Apprendi*, the Supreme Court held that the Due Process Clause requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

sentence under § 848(b). *See* J.A. 175–97 (finding that Thomas was responsible for 76 kilograms of crack cocaine and that he was a leader of the conspiracy). Specifically, Count Twenty-One, which charged Thomas with possession of 1.5 kilograms of cocaine, or 300 times the amount of crack cocaine, *see* J.A. 192, made him eligible for a mandatory life sentence because § 848(b) only requires a violation and not a conviction. *See Sedima, SPRL v. Imrec Co.*, 473 U.S. 479, 489 (1985) (clarifying that term "'violation' does not, imply a criminal conviction," rather, the word "violations" means offense conduct). Thomas is also correct that, if sentenced today, and after the Act, the Government would have to prove beyond a reasonable doubt before a jury that Thomas possessed 8.4 kilograms of cocaine to receive the mandatory life sentence enhancement. Accordingly, since the Act altered drug quantities required to trigger the penalties for §§ 841(b)(1)(A) or 841(b)(1)(B), it also modified the drug quantities required to sustain a conviction under § 848(b). Thus, after *Woodson* and before *Terry*, since the Act modified the statutory penalties applicable to §§ 848(b) and (e),[8] it would have been conceivable that the Act modified the statutory penalties for Thomas's "statute of conviction," thus rendering his § 848 (c) conviction a covered offense under the FSA. *Woodson*, 962 F.3d at 814–16.

---

[8] Sister circuits have held that § 848(e) is not a covered offense. *See, e.g., United States v. Fletcher*, 997 F.3d 95, 99 (2d Cir. 2021) (holding that "21 U.S.C. § 848(e)(1)(A), is not a 'covered offense' under Section 404(b) of the First Step Act").

15

Though, some district courts have adopted his argument,[9] Thomas, however, faces two insurmountable challenges.

First, and as noted above, *Terry* rejected our approach in *Woodson* and, so, Thomas's approach here is also foreclosed. Second, while a petitioner sentenced under § 848(b) would be eligible for resentencing under the Act,[10] Thomas is still ineligible for

[9] Before *Terry*, some district courts have held that § 848(c) is also a covered offense based on a similar theory that Thomas argues on appeal. *See, e.g.*, *United States v. Hall*, No. 2:93-cr-162-1, ECF Doc. 860, at 9–10 (E.D. Va. Mar. 2, 2020) (holding that §§ 848(a) and (c) is a "covered offense" because the indictment referenced his §§ 841 and 846 offenses and because "the essence" of defendant's § 848 conviction "involved [his] trafficking of crack cocaine," which he was also convicted of); *United States v. Dean*, No. 97-cr-276-3, ECF No. 1767, 2020 WL 2526476, at *3 (D. Minn. May 18, 2020) (holding that conviction under § 848(a) constituted a "covered offense" because "the conduct underlying this conviction involved the distribution of crack cocaine, and the statute of conviction was modified under the Fair Sentencing Act"). Hypothetically, if the Government selected to pursue a mandatory life sentence under § 848(b), then it would have to prove that the petitioner possessed 8.4 kilograms of crack cocaine under the revised weight amounts amended by the FSA. Under this scenario, the Government could no longer rely on a drug weight of 1.5 kilograms of cocaine to pursue a life sentence. Instead, under the revised drug weights, the Government would have to show that the defendant possessed at least 8.4 kilograms of cocaine. Nevertheless, these are not the set of facts before this court.

[10] Prior to *Terry,* some district courts had found that defendants sentenced under § 848(b) were eligible for resentencing under the Act. *See, e.g.*, *United States v. Santiago-Lugo*, 552 F. Supp. 3d 200 (D.P.R. 2021), *appeal filed* No. 21-1654 (1st Cir. 2021); *United States v. Moore*, No. 95-cr-509-2, ECF Doc. 1051, 2020 WL 4748154, at **2-3 (N.D. Ill. Aug. 17, 2020); *United States v. Kelly*, No. 2:94-cr-163, ECF Doc. 1133, at 3–5 (E.D. Va. June 5, 2020): *United States v. Jimenez*, No. 1:91-cr-550-1, ECF Doc. 503, 2020 WL 2087748, at *2 (S.D.N.Y Apr. 30, 2020); *United States v. Walker*, No. 5:95-cr-101, ECF Doc. 620, at 5 (N.D.N.Y. Oct. 25, 2019); *United States v. Brown*, No. 3:08-cr-11-1, ECF No. 366, 2020 WL 3106320, at *1 n.1, *4 (W.D. Va. June 11, 2020) (stating that defendant sentenced to 240 months for conviction under § 848(a) and (b) was "eligible for resentencing under the First Step Act" "because at least one of the penalties for Defendant's statute of conviction[,]" § 848(b), "was modified by Section 2 or 3 of the Fair Sentencing Act"); *United States v. Jimenez*, No. 92-cr-550-1, ECF No. 502, 2020 WL 2087748, at *2 (Continued)

16

relief because he was convicted and sentenced pursuant to §§ 848(a) and (c).  Thus, the possibility that he could have been sentenced under § 848(b) is irrelevant because what matters for our FSA inquiry is whether the Act modified the statutory penalties for his offense.  *Terry*, 141 S. Ct. at 1862.  Here, Thomas was sentenced under § 848(a) and was not subject to the mandatory life term of § 848(b) or the death penalty as provided for in § 848(e).  Since Thomas was not convicted of an offense whose penalties were altered by the FSA, then his offense, under §§ 848(a) and (c), is not a covered offense.

## IV.

Because petitioner's CCE offense is not a covered offense under the FSA, the district court's holding is

*AFFIRMED.*

---

(S.D.N.Y. Apr. 30, 2020) (holding that conviction under § 848(b) constituted a "covered offense").