United States Court of Appeals

For the Eighth Circuit

_____

No. 22-2295

_____

United States of America

*Plaintiff - Appellee*

v.

Ferris Lavelle Lee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: April 10, 2023
Filed: August 23, 2023
[Unpublished]

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Ferris Lavelle Lee appeals the district court's[1] denial of his motion for a
reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for
the District of North Dakota.

Stat. 5194, 5222. He argues that his conviction for engaging in a continuing criminal enterprise is a "covered offense" under § 404 of the First Step Act. Having jurisdiction under 28 U.S.C. § 1291, we disagree and affirm.

In 2010, a jury convicted Lee of conspiracy to possess with intent to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2; eleven individual counts of distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(a) and (c). At the outset of Lee's sentencing hearing, the district court noted that the conspiracy charge was a lesser-included offense of the CCE charge and, therefore, only one punishment could be imposed for the two convictions. See Rutledge v. United States, 517 U.S. 292, 307 (1996). After hearing argument from counsel, the district court sentenced Lee to the mandatory life sentence on the conspiracy charge and to 540 months' imprisonment in total on the individual distribution charges and the CCE charge. At the close of sentencing, the court "order[ed] the vacation of the sentence" on the conspiracy charge pursuant to Rutledge and the Double Jeopardy Clause. Lee appealed his conviction and sentence, and we affirmed. See United States v. Lee, 687 F.3d 935 (8th Cir. 2012).

In 2013, Lee filed a motion for a reduced sentence based on the Fair Sentencing Act of 2010. The district court denied that motion, ruling that Lee's conspiracy charge had been vacated and the Fair Sentencing Act did not apply to his CCE charge. In 2021, Lee again requested a reduced sentence, this time under § 404 of the First Step Act. The district court again denied the motion, concluding that Lee's CCE charge under 21 U.S.C. § 848(a) and (c) is not an offense for which the statutory penalties were modified by the Fair Sentencing Act and, therefore, is not a "covered offense" for purposes of the First Step Act. See First Step Act § 404(a). Lee now appeals this ruling.

"We review de novo the applicability of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction." United

States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019). "We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." Id.; see also First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

"A court considering a First Step Act motion must first 'decide whether the defendant is eligible for relief under § 404,' and then, 'if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.'" United States v. Williams, 18 F.4th 577, 579 (8th Cir. 2021) (per curiam) (citation omitted). To be eligible for relief under § 404, the defendant must have committed a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." McDonald, 944 F.3d at 771 (alteration in original) (quoting First Step Act § 404(a)). On appeal, Lee argues he is eligible for relief in two ways: (1) his CCE offense is a "covered offense" and (2) his conspiracy charge is also a "covered offense," and the imposition of a mandatory life sentence on this charge makes him eligible for relief even though the district court vacated the conviction and sentence on double jeopardy grounds.

Lee's first argument is foreclosed by Supreme Court precedent. Lee was convicted and sentenced under § 848(a) and (c). Because the Fair Sentencing Act did not modify the statutory penalties for these offenses, they are not "covered offenses" under § 404 of the First Step Act. Lee does not dispute this. Rather, he argues that though he was charged and convicted under § 848(a) and (c), he remained subject to the enhanced penalties under § 848(b), which *were* modified by the Fair Sentencing Act. However, in Terry v. United States, 141 S. Ct. 1858 (2021), the Supreme Court made clear that in determining whether a defendant was convicted under a "covered offense," courts must "ask whether the Fair Sentencing Act modified the statutory penalties for petitioner's offense." Id. at 1862. The Court reiterated: the First Step Act "directs our focus to the statutory penalties for petitioner's *offense*, not the statute or statutory scheme." Id. at 1863. Thus, Terry makes clear that our "covered offense" analysis must focus on whether Congress

modified the statutory penalties for Lee's actual offense of conviction—here, § 848(a) and (c)—not other aspects of the overall statutory scheme. Lee responds by pointing out that he was sentenced pre-Alleyne[2] and, therefore, was potentially subject to the enhanced penalties under § 848(b) based on judge-found facts. But, in fact, Lee did not receive any such enhancement under § 848(b). That he *could* have is beside the point under Terry.

We find persuasive the Fourth Circuit's analysis in United States v. Thomas, 32 F.4th 420 (4th Cir. 2022), which rejected the same argument made by a defendant convicted and sentenced under § 848(a) and (c). Our sister circuit reasoned that "the possibility that he could have been sentenced under § 848(b) is irrelevant because what matters for our [First Step Act] inquiry is whether the [Fair Sentencing] Act modified the statutory penalties for his offense." Id. at 429 (citing Terry, 141 S. Ct. at 1862). We agree and adopt the same reasoning here.

Lee's second argument—that the vacated sentence on his conspiracy conviction makes him eligible for relief—also falls short. Lee did not raise this argument before the district court. We ordinarily "will not consider an argument raised for the first time on appeal," though we may do so if the new argument is "purely legal and requires no additional factual development, or if a manifest injustice would otherwise result." United States v. Hirani, 824 F.3d 741, 752 (8th Cir. 2016) (citation omitted). Further, even if Lee had preserved this argument before the district court, it conflicts with any ordinary understanding of vacatur. See Vacate, Black's Law Dictionary (11th ed. 2019) ("To nullify or cancel; make void; invalidate."); United States v. Ayres, 76 U.S. (9 Wall.) 608, 610 (1869) (stating that to "vacat[e] the former judgment" is to "render it null and void"). A court that sentences a defendant for a crime but, in the same breath, vacates the sentence cannot be said to have "imposed a sentence." First Step Act § 404(b). Thus, a vacated

---

[2]Alleyne v. United States, 570 U.S. 99, 103 (2013) (overruling Harris v. United States, 536 U.S. 545, 568-69 (2002), which allowed for enhanced mandatory minimums based on judge-found facts).

sentence does not count as a sentence "imposed . . . for a covered offense" under the First Step Act.  Id.  Consequently, Lee is ineligible for a reduction in sentence.

For the foregoing reasons, we affirm the judgment of the district court.

_____