**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6584

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW CHARLES JACKSON, a/k/a William Benbow, a/k/a Ricky Antonio Bady, a/k/a Sway,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:00-cr-00006-JPB-RWT-1; 3:00-cr-00046-JPB-RWT-1)

Submitted:  March 24, 2025                          Decided:  April 1, 2025

Before DIAZ, Chief Judge, and AGEE and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jenny Thoma, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Jennifer Therese Conklin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Charles Jackson appeals the district court's orders denying his motions for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"), and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, 132 Stat. at 5239. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), identifying multiple district court errors but conceding that no reversible error exists requiring vacatur of the appealed-from orders.[1]  Jackson has filed pro se informal and supplemental informal briefs reiterating certain arguments he raised in the district court, and asking that this court consider whether multiple newly-raised arguments warrant relief.  The Government has not filed a response brief.  Finding no reversible error, we affirm.

We review a district court's ruling on a motion for compassionate release or for a sentence reduction under § 404(b) of the First Step Act under the deferential abuse-of-discretion standard of review.  *See United States v. Smith*, 75 F.4th 459, 464 (4th Cir. 2023) (motion for sentence reduction); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022) (compassionate release motion).  "Under this standard, [we] may not substitute [our] judgment for that of the district court." *Bethea*, 54 F.4th at 831 (internal quotation marks

---

[1] We appointed Jackson counsel, asking that counsel address whether, on a motion filed pursuant to First Step Act, a sentence imposed under the then-mandatory Sentencing Guidelines is impacted by *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (holding that a fact that increases a mandatory minimum is an element of an offense that must be charged in indictment and admitted or found by a jury).  We also invited counsel to brief any additional meritorious issues.

2

omitted). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (cleaned up).

With respect to Jackson's requests for § 404(b) relief, we conclude that Jackson is ineligible for such relief. *See Terry v. United States*, 593 U.S. 486, 495 (2021) (holding that crack offenders sentenced under 21 U.S.C. § 841(b)(1)(C) do not have covered offenses under § 404(b) of First Step Act); *United States v. Roane*, 51 F.4th 541, 543 (4th Cir. 2022) (holding that conviction under 21 U.S.C. § 848(e)(1)(A) is not covered offense); *United States v. Thomas*, 32 F.4th 420, 422 (4th Cir. 2022) (holding that conviction under 21 U.S.C. § 848(a), (c) is not covered offense); *see also Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (noting that this court can affirm for any reason apparent from the record).

Turning to the district court's denial of Jackson's compassionate release motions, Jackson does not dispute the district court's conclusion that he failed to demonstrate extraordinary and compelling reasons based on his medical conditions and the COVID-19 pandemic. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). We nonetheless discern no abuse of discretion in the district court's finding that neither factor justified compassionate release, especially since the district court alternatively found that the 18 U.S.C. § 3553(a) factors counseled against release. *See United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024) (explaining that "a sentencing judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority" (internal quotation marks

3

omitted)); *see also Bethea*, 54 F.4th at 833 ("[T]his Court can affirm a district court's compassionate release decision regardless of a flaw in the eligibility analysis if its subsequent § 3553(a) assessment was sound.").

We also find no reversible error in the district court's finding that Jackson's arguments related to his convictions and sentence did not demonstrate extraordinary and compelling reasons for release. *See United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022) ("[A] compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence."). Insofar as Jackson sought to rely on changes to his statutory sentencing range following *Alleyne* and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, those arguments may be raised in a compassionate release motion. *See Davis*, 99 F.4th at 657-58. We nonetheless conclude that, since those authorities had no impact on the statutory penalties applicable to his offenses or the then-mandatory Guidelines range calculation, Jackson also failed to demonstrate extraordinary and compelling reasons on those bases.

In accordance with *Anders*, we have reviewed the record in this case as is relevant to the appealed-from orders and have found no meritorious issues for appeal.[2] This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

---

[2] We have considered the arguments raised in Jackson's pro se filings and find them to be meritless.

4

court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*