In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-2732

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MONTRELL MCSWAIN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 05-cr-50082 — **Philip G. Reinhard**, *Judge.*

_____

ARGUED OCTOBER 26, 2021 — DECIDED FEBRUARY 11, 2022

_____

Before FLAUM, ST. EVE, and KIRSCH, *Circuit Judges.*

FLAUM, *Circuit Judge.* In 2007, defendant-appellant Montrell McSwain was sentenced for a two-count conviction: Count 1, for conspiring to distribute and to possess with intent to distribute more than one kilogram of heroin and more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(i), (b)(1)(A)(iii), and Count 19, for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). McSwain

received an enhanced penalty based on a 1999 Illinois felony conviction for possession with intent to deliver cocaine. As a result, McSwain faced an enhanced minimum sentence of twenty years for the conspiracy count. A few years after McSwain's sentencing, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which prospectively reduced the amount and kind of punishment for crack cocaine convictions. Having been sentenced well before the Fair Sentencing Act's enactment date, McSwain was not eligible for reduced sentencing under the Fair Sentencing Act at that time.

Despite his initial ineligibility, more than a decade after McSwain's sentencing, the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, created an avenue for those sentenced before August 3, 2010, to seek retroactive application of the Fair Sentencing Act. Section 404(b) of the First Step Act authorizes—but does not require—district courts to reduce the punishment for crack cocaine offenses that occurred prior to August 3, 2010, using the Fair Sentencing Act's shorter sentences. Section 404(c) carves out as ineligible for reduction those whose sentences were imposed or reduced in accordance with amendments to sections 2 and 3 of the Fair Sentencing Act, or whose previous § 404 motions were denied after a complete review on the merits.

McSwain filed a motion for relief on September 23, 2019, under the First Step Act. His motion was denied on August 25, 2020. McSwain now challenges the district court's ambiguous denial of his motion for relief under the First Step Act, which reasoned he was "not legally eligible for relief … because he was specifically found guilty of a quantity of heroin that qualified him for a mandatory minimum sentence." Two

issues are raised on appeal: first, whether a defendant whose original conviction was for a multi-drug conspiracy that included cocaine base and another substance is eligible for re-sentencing under § 404 of the First Step Act, and second, whether the district court here abused its discretion in denying McSwain's motion for relief under the First Step Act.

Accepting the parties' newly unified position that McSwain's multi-drug conspiracy is eligible for First Step Act relief, we now vacate the district court's judgment and remand so that the district court may explicitly exercise its discretion concerning McSwain's request for resentencing.

## I.    Background

After a jury trial, McSwain was convicted under 21 U.S.C. § 846 for conspiring to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(A)(i), and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(iii).

With respect to the conspiracy count, the initial presentence investigation report calculated a base offense level of 36, but the district court took a "conservative" approach and reduced his base offense level to 32 at his sentencing hearing. McSwain was classified as having a criminal history category of VI. As the report indicates, and the district court confirmed at sentencing, McSwain's prior Illinois cocaine conviction subjected him to a mandatory minimum of 240 months on the conspiracy charge. Based on the district court's findings at sentencing, McSwain's guidelines range was 210 to 262 months for the conspiracy count. On October 17, 2007, the district court judge sentenced McSwain to a total imprisonment term of 300 months: 240 months, the mandatory minimum,

for the conspiracy-to-distribute-drugs conviction and 60 months consecutive to count one for a second conviction not relevant on appeal.

Moving past McSwain's unsuccessful efforts to obtain appellate and post-conviction relief, we arrive at the present First Step Act issues. Because the intersection of the briefing schedule in this case and the timing of our decisions in related cases is important for this appeal, we outline it in some detail. McSwain filed a pro se motion on September 23, 2019, for relief under the First Step Act. The district court extended the filing deadlines for this case and gave the government until March 31, 2020, to respond to McSwain's motion. Due to the COVID-19 pandemic, the Northern District of Illinois issued a series of pandemic-related general orders, granting in total a 77-day filing extension. The district court docket does not show the issuance of any orders clarifying relevant briefing deadlines for this case, indicate that the general orders were mailed to McSwain in his capacity as a pro se litigant, or memorialize any response to McSwain's request for a copy of the government response to his First Step Act motion. The government's response to McSwain's motion was ultimately filed on June 16, 2020.

As discussed below, our opinion in *United States v. Ruth*, 966 F.3d 642, 649–50 (7th Cir. 2020), holding that the Illinois statute covering positional isomers of cocaine is broader than the federal definition of cocaine and thus cannot serve as a predicate controlled substance offense for the statutory enhancement yielding a mandatory minimum under 21 U.S.C. § 841(b)(1)(C), was published on July 20, 2020. Shortly thereafter, our opinion in *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (per curiam), expanding on the procedures of

First Step Act motion review, was published on July 24, 2020. The district court's denial of McSwain's motion for relief under the First Step Act was published on August 25, 2020, but it did not discuss *Ruth* or *Corner*.

McSwain now appeals the district court's denial of his First Step Act § 404(b) motion.

## II.    Discussion

On appeal, McSwain argues that the district court procedurally erred in its review of his First Step Act § 404(b) motion. "We review the discretionary denial of a sentence-reduction motion for an abuse of discretion." *United States v. Fowowe*, 1 F.4th 522, 526 (7th Cir. 2021). On the other hand, we review questions of statutory interpretation and proper sentencing procedures de novo. *Id.* (citing *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020) (statutory interpretation) and *United States v. Conley*, 777 F.3d 910, 913 (7th Cir. 2015) (sentencing procedures)).

In relevant part, § 404(b) of the First Step Act of 2018 states that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act … that was committed before August 3, 2010." Section 404(c) establishes that the decision whether to reduce a defendant's sentence, and by how much, is a decision committed to the discretion of the district court. *Corner*, 967 F.3d at 665 (underscoring that sentence reduction under § 404 is discretionary).

Sentence reduction under § 404 is a two-step inquiry. "First, a judge considering a motion for a reduced sentence under the First Step Act is faced with the question of whether the defendant is eligible for a sentence reduction. [Second,] [i]f the defendant is eligible, then the court faces the question of whether it *should* reduce the sentence." *Hudson*, 967 F.3d at 610. We now turn to the district court's finding at each stage of the required analysis.

### A.  Step 1: Eligibility

The district judge is first tasked with determining a defendant's sentence-reduction eligibility under § 404. *Hudson*, 967 F.3d at 610. In this case, the district court stated: "Because defendant is eligible for relief under the First Step Act as to at least part of his conviction, the court will analyze his motion for relief with discretion to potentially resentence him as if he had been sentenced under the Fair Sentencing Act." However, the district court went on to hold that the "defendant [was] not legally eligible for relief under the First Step Act." The district court determined that McSwain did not "actually qualify for relief because he was specifically found guilty of a quantity of heroin that qualified him for a mandatory minimum sentence," and "heroin is not part of the relief now available under the Fair Sentencing Act[]." In sum, the district court—despite including language more appropriately situated in the second discretionary step of this analysis—disqualified McSwain as ineligible. Both parties now agree that this ineligibility determination (whether as an inadvertent use of a legally significant term or as an actual conclusion as to Step 1) was in error.

Whether a conviction amounts to a "covered offense" is a statutory interpretation determination we review de novo.

*Hudson*, 967 F.3d at 609. The rule governing interplay between the First Step Act and multi-drug conspiracies in our Circuit has not been firmly established, but caselaw from our sister circuits is instructive. In our Circuit, *Hudson* establishes that when a defendant has been sentenced for two crimes, only one of which is covered by the First Step Act, "a district judge has discretion to revise the entire sentencing package." *United States v. Hible*, 13 F.4th 647, 652 (7th Cir. 2021) (citing *Hudson*, 967 F.3d at 610). Beyond our Circuit, the emerging caselaw supports the conclusion that defendants in McSwain's situation are eligible, at least at Step 1's threshold inquiry, for discretionary sentence reduction. *See United States v. Reed*, 7 F.4th 105, 107–08 (2d Cir. 2021) ("In light of the statutory language in Section 404, we hold that [defendant's] multi-object conspiracy conviction, with a crack cocaine object that included a drug-quantity element triggering the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A), qualifies as a 'covered offense' eligible for a sentence reduction pursuant to the First Step Act."); *United States v. Spencer*, 998 F.3d 843, 845–47 (8th Cir. 2021) ("The First Step Act does not require [a showing] that the Fair Sentencing Act reduced [defendant's] penalties."); *United States v. Winters*, 986 F.3d 942, 948–50 (5th Cir. 2021) ("In the case of a multi-object offense, the argument that eligibility requires that there be a change in the statutory range resulting from considering all objects of the conspiracy is adding language to what Congress stated in simple terms."); *United States v. Taylor*, 982 F.3d 1295, 1300–01 (11th Cir. 2020) ("[T]he 'statutory penalties for' an offense involving one of the crack-cocaine drug-quantity elements previously specified in the federal drug-trafficking statute 'were modified by' § 2 of the Fair Sentencing Act, even if the movant ultimately would be subject to the same statutory sentencing

range as a consequence of another drug-quantity element of the offense."); *United States v. Gravatt*, 953 F.3d 258, 263–64 (4th Cir. 2020) (explaining the First Step Act still applies to convictions involving other substances so long as the conspiracy included cocaine base); *United States v. Barrio*, 849 F. App'x 762, 764 (10th Cir. 2021) (affirming that a conspiracy conviction involving both crack cocaine and powder cocaine was a "covered offense" within the meaning of § 404(a) of the First Step Act). In this Circuit, "[w]e do not create conflicts among the circuits without strong cause." *Mayer v. Spanel Int'l Ltd.*, 51 F.3d 670, 675 (7th Cir. 1995).

The government initially argued that McSwain was not convicted of a covered offense and therefore was not eligible for relief under § 404. The government has since reexamined its position, as noted in supplemental briefing. Pointing to the Supreme Court's recent decision in *Terry v. United States*, 141 S. Ct. 1858, 1862–63 (2021), and the growing number of circuit courts ruling against the government's previous position, the government now advances the position that conspiracy to traffic crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii) is a covered offense, "even if another object of the conspiracy triggered the same statutory penalty range."

We accept the government's concession that McSwain has satisfied Step 1 and move to Step 2. *See Krieger v. United States*, 842 F.3d 490, 499 (7th Cir. 2016) (noting that the Court of Appeals is "not bound to accept the government's concession when the point at issue is a question of law" but may do so when "that concession seems apt").

#### B. **Step 2: Exercise of Discretion**

Once the eligibility hurdle is cleared, the district judge is next tasked with "undertak[ing] a complete review" of defendant's First Step Act motion. *Shaw*, 957 F.3d at 743 (internal quotation marks omitted). Even if we read the district court's ambiguous opinion to find eligibility at Step 1 and instead deny relief at Step 2, the district court did not undertake a complete review, having deemed "[n]o further analysis is warranted" after announcing its erroneous conclusion that McSwain was "not legally eligible for relief under the First Step Act" based on his heroin conviction.

With respect to statutory minimums, "a district court ruling on a § 404(b) motion … must begin by recalculating the statutory minimum and maximum that would have applied had §§ 2 and 3 of the Fair Sentencing Act been in effect at the time the movant was originally convicted." *Fowowe*, 1 F.4th at 529. Failure to consider lower statutory penalties presently applicable constitutes procedural error. *Id.* Additionally, while district courts must consider lowered statutory minimums, they are authorized—but not required—to apply intervening judicial decisions when exercising discretion to reduce a petitioner's sentence under the First Step Act § 404(b). *Id.* at 534. Since a district court is not required to do so, there is no procedural error in declining to apply intervening judicial decisions. *Id.*

Turning to the district court's decision in this case, we note that the district court did mention McSwain's § 841(b)(1)(A)(iii) statutory penalty range.[1] The court,

---

[1] Looking to McSwain's supplemental filing, we do not read our recent opinion in *United States v. Blake*, 22 F.4th 637 (7th Cir. 2022) (per

however, was silent as to the impact of intervening caselaw—*United States v. Ruth*—that was published a month prior to its denial of McSwain's motion. If the district court had considered this intervening decision, *Ruth* had the potential to disqualify McSwain's 1999 Illinois state conviction as a predicate controlled substance offense. Thus, the statutory enhancement under 21 U.S.C. § 841(b)(1)(A) would not have applied, and no statutory mandatory minimum would have been at play—a change separate and apart from any concerns that the First Step Act did not affect heroin convictions. Although the district court noted that "[t]he statutory penalty for an offense involving one kilogram or more of heroin (after being convicted of a prior drug offense) was 20 years to life imprisonment," the disqualification of the prior drug offense in question would have radically changed the sentencing landscape.

---

curiam), as particularly helpful. In *Blake*, we reversed the district court's decision that resentencing was not warranted under Step 2 of the First Step Act analysis, because the court had bypassed recalculating the defendant's statutory minimum and maximum. *Id.* at 640–41. Distinguishable from the facts before us, *Blake* involved an error in the presentence investigation report and a resultant drug quantity overestimation. The recalculation of the applicable sentencing range at issue was mandatory due to the operation of the Fair Sentencing Act and First Step Act—not based on intervening decisions from this Court. *Id.* By contrast, in this case, it appears that McSwain may only avoid his heroin-based mandatory minimum if the district court—in its discretion—applies intervening caselaw. Incorporating the reasoning found in *Blake*, "*Fowowe* does not *require* courts to apply intervening precedent when deciding First Step Act motions," and "[t]herefore, the court's failure to do so alone could not be reversible error under any standard of review." *Id.* at 643. Any argument counseling reversal for failure to recalculate guidelines based solely on intervening caselaw runs afoul of our holding in *Fowowe*.

As this Court recently noted in *Fowowe*, we authorize, but do not require, district courts to apply intervening judicial decisions when exercising their discretion to reduce a petitioner's sentence under the First Step Act § 404(b). 1 F.4th at 534. Shortly after our decision in *Fowowe*, the Supreme Court granted certiorari in *United States v. Concepcion*, 991 F.3d 279 (1st Cir. 2021). The question under consideration by the Supreme Court overlaps almost entirely with *Fowowe*: Whether, when deciding if it should "impose a reduced sentence" on an individual under Section 404(b) of the First Step Act of 2018 a district court must or may consider intervening legal and factual developments. 142 S. Ct. 54 (2021).[2]

Open question before the Supreme Court aside, the law as it currently stands in this Circuit dictates our conclusion that the district court's decision not to apply intervening judicial decisions (such as *Ruth*) falls shy of procedural error, and thus in and of itself does not lead us to conclude that the district court abused its discretion. *See Fowowe*, 1 F.4th at 527–28. The district court's decision not to exercise discretion—apparently because it thought it had no such discretion to exercise—does, however, amount to an abuse of discretion. Here, it is unclear whether the district court was aware it had the authority to consider intervening judicial decisions, should it wish to. Cursorily stating that a heroin-related mandatory minimum renders McSwain legally ineligible for relief amounts to "non-exercise of discretion" that is "itself an abuse of discretion." *Id.* at 527 (quoting *Corner*, 967 F.3d at 666); *see also Concepcion*, 991 F.3d at 292 (Barron, J., dissenting) ("The majority finds no abuse of discretion in this case. But it is a classic abuse of

---

[2] The Supreme Court heard oral arguments on January 19, 2022.

discretion for a district court to decline to exercise the discretion that it legally possesses because it mistakenly believes that it lacks that discretion as a matter of law."). The district court's exercise of discretion will necessarily include the considerations raised on appeal about pro se litigants, waiver, and the extraordinary circumstances surrounding the swift onset of COVID-19. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings are entitled to liberal construction); *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993) (noting that while this Court does not "routinely spare[] pro se litigants from the same waiver rules attorneys face," the Court does take into account "special procedural posture[s]").

We agree with McSwain's position on appeal that it is unclear what the district court's ultimate basis for its ruling was—Step 1 or Step 2. We conclude the district court's finding that McSwain was "ineligible" under the First Step Act was an error justifying remand and therefore remand this case to the district court to exercise its discretion—especially in light of the district court's own characterization that "[n]o further analysis was warranted" after it found McSwain ineligible for relief. Resentencing under the First Step Act for eligible defendants is "wholly discretionary," a framework that rejects an abdication of such discretion. *See Concepcion*, 991 F.3d at 289–90.

### III.    Conclusion

For the reasons explained above, we VACATE the district court's judgment and REMAND for further proceedings.