In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 23-1752

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VON ERIC SWEATT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:10-cr-00118-TWP-TAB-01 — **Tanya Walton Pratt**, *Chief Judge.*

_____

SUBMITTED OCTOBER 24, 2023[*] — DECIDED NOVEMBER 8, 2023

_____

Before HAMILTON, SCUDDER, and LEE, *Circuit Judges.*

PER CURIAM. Von Eric Sweatt, who is serving a 384-month sentence in federal prison, asked the district court to modify the terms of his restitution obligation based on a change in his

_____

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

financial circumstances pursuant to 18 U.S.C. § 3664(k). The district court denied the motion on the grounds that it lacked the authority to do so. Because the district court has the authority under §3664(k) to adjust Sweatt's restitution payment schedule, we vacate the decision and remand for consideration of the motion on the merits.

In 2010, Sweatt pleaded guilty to five counts of armed bank robbery under 18 U.S.C. § 2113(d). As part of his sentence, the district court ordered him to pay his victims a total of $20,038.52 under the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A–3664. On the section of the judgment form titled "Payment Schedule," the court selected "immediately" from the list of ways payment was to be made (other options included payment as lump sum or payments beginning at a later time). The judgment did not set forth a pre-release payment plan but imposed one for the balance remaining when Sweatt begins serving supervised release.

In January 2023, on the government's motion, the district court authorized the Bureau of Prisons to turn over $600 from Sweatt's prison trust account (which had held roughly $1,100) to be applied toward his restitution debt. The government relied on 18 U.S.C. § 3664(n), which provides that any substantial financial resources prisoners receive during incarceration must be applied toward restitution.

Around the same time, Sweatt was transferred to a medical center within the Bureau for hip replacement surgery; this prevented him from working for about 18 months. Therefore, Sweatt declined to participate in the Bureau's Inmate Financial Responsibility Program (the "Program"), 28 C.F.R. § 545.10–11, through which the Bureau allocates portions of prisoners' incomes to their restitution debts. Participation in

the Program is not mandatory, but prisoners who opt out lose various privileges. *United States v. Boyd*, 608 F.3d 331, 333 (7th Cir. 2010). Sweatt declined to participate in the Program because he was unable to work and over half his funds for basic necessities had been directed toward restitution.

Sweatt then filed a motion to modify his judgment to halt his restitution payments until he recovers from surgery and resumes working. He relied on 18 U.S.C. § 3664(k), which provides, in relevant part, that once a court receives notification of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the court "may, on its own motion, or the motion of any party … adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). Sweatt argued that he faced such a change because he was unable to work for an extended period and over half of his trust account balance already had been put toward his restitution. Although Sweatt was not participating in the Program, the government responded to the motion by arguing that the district court lacks the authority to review Bureau decisions regarding Program payment plans.

The district court denied Sweatt's motion, stating that Sweatt had not identified a source of authority allowing the court to modify the restitution order and agreeing with the government that the court could not modify payment plans under the Program. Sweatt appeals, and we review the district court's decision for an abuse of discretion. *United States v. Day*, 418 F.3d 746, 758–59 (7th Cir. 2005).

Sweatt's primary argument on appeal is that the government took inconsistent positions on the scope of the district court's authority. He contends that the government was

judicially estopped from disputing the court's authority to modify his payment schedule under § 3664(k) when it had previously argued under § 3664(n) that the district court could modify his payments based on his finances.

Judicial estoppel has no role here, however. The doctrine bars a party from prevailing on a position in court and then taking the opposite position at a different stage or in new proceedings. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). But the government's positions were not contradictory: First, it asserted that § 3664(n) allows a district court to order funds turned over from a prisoner's trust account, and later, that district courts cannot review Program payment plans.

Still, the government's argument was puzzling. When Sweatt requested a modification under § 3664(k), the government assumed that Sweatt was trying to alter his obligations under a Program agreement with the Bureau. But no such agreement existed, as Sweatt had made clear in his motion that he had declined to participate.

Yet the district court accepted the representation that Sweatt was a Program participant and ruled that it lacked the authority to modify a Program agreement. As a result, the court did not reach the merits of Sweatt's § 3664(k) argument. Although we have had occasion to address the district court's authority to modify a restitution schedule under § 3664(k), we have not done so in a published decision. We do so now to provide district courts with more definitive guidance in this area.

Here, the district court had authority under § 3664(k) to modify the restitution schedule. The judgment states that restitution is payable "immediately," which means "as quickly

as possible." *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008); *see* 18 U.S.C. § 3572(d)(2). By seeking relief from this provision (which allowed the government to seek turnover), Sweatt did not ask to alter the fact or amount of restitution or to usurp the Bureau's exclusive authority to impose a pre-release payment plan. *See Sawyer*, 521 F. 3d at 796. He requested only that the court adjust his "payment terms" based on a change in his economic circumstances. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (interpreting similar statutory language to give district courts jurisdiction to modify fines). In general, district courts lack jurisdiction to modify a sentence, but they can do so when authorized by statute. *See Sawyer*, 521 F.3d at 796; *see also United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). And as Sweatt pointed out, § 3664(k) gives the district court the authority to do what he asked. Because the district court did not recognize or use the discretion it had, it abused that discretion. *United States v. McSwain*, 25 F.4th 533, 540 (7th Cir. 2022).

To be clear, we take no position on whether the district court should grant Sweatt the relief he seeks. The defendant's ability to pay cannot be a factor in setting the amount of restitution. 18 U.S.C. § 3664(f)(1)(A); *see United States v. Brazier*, 933 F.3d 796, 804 (7th Cir. 2019). But the defendant's economic outlook factors into the repayment schedule and any changes to it. 18 U.S.C. §§ 3572(f)(2); 3664(k). Therefore, the district court must determine whether Sweatt satisfies the criteria of § 3664(k) and, if so, whether any relief is warranted.

We VACATE the decision and REMAND for the district court to consider Sweatt's motion on the merits.