In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-1318

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GUSTAVO COLON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 97-cr-659 — **Mary M. Rowland**, *Judge.*

ARGUED JANUARY 30, 2024 — DECIDED MAY 7, 2024

Before SYKES, *Chief Judge*, and KIRSCH and PRYOR, *Circuit Judges*.

PER CURIAM. Gustavo Colon, who was convicted and is serving a life sentence for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), challenges the denial of his motion for a reduced sentence under § 404 of the First Step Act of 2018. The district court denied his motion on the ground that Colon's continuing criminal enterprise conviction was not a "covered offense" under the Act. We affirm.

## I.    BACKGROUND

Gustavo Colon, while serving a prison sentence at the Menard Correctional Center, directed and managed the drug-trafficking operation of the Latin Kings street gang in Chicago from 1995 through 1997. Colon and thirteen co-defendants were indicted on numerous drug-related charges.

In 1998, a jury found Colon guilty of conspiring to distribute various drugs, 21 U.S.C. § 846, engaging in a continuing criminal enterprise ("CCE"), *id.* § 848(a), using a telephone in commission of his conspiracy, *id.* § 843(b), and distributing cocaine, *id.* § 841(a)(1). After post-trial motions, the sentencing judge vacated Colon's § 846 conspiracy conviction, determining that it violated the double jeopardy clause because conspiracy was a lesser-included offense of the CCE offense of which Colon was also convicted. *United States v. Colon*, No. 97 CR 659, 1999 WL 77226, at *10 (N.D. Ill. Jan. 8, 1999).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The probation officer who prepared the PSR found Colon was responsible for at least fifty kilograms of cocaine. The probation officer calculated a total offense level of 42 and a criminal history category of VI, yielding a guideline range of 360 months to life in prison. *See* U.S.S.G. Ch. 5, Pt. A (1998).

At sentencing, the judge imposed a life sentence for the CCE conviction. The judge also gave Colon concurrent ninety-six month sentences for the telephone-use and cocaine-distribution convictions. In 2003, this court affirmed Colon's conviction and sentence. *See United States v. Souffront*, 338 F.3d 809, 838 (7th Cir. 2003).

In 2021, Colon moved for a sentence reduction under § 404 of the First Step Act, which allows a court to reduce the sentence of a "covered offense"—that is, an offense that had its statutory penalties modified by the Fair Sentencing Act of 2010. Colon argued that his CCE conviction under 21 U.S.C. § 848(a) qualified as such a "covered offense."

The district judge denied the motion, concluding—based on *Terry v. United States*, 593 U.S. 486 (2021), and *United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022)—that Colon's CCE conviction was not a "covered offense" because the Fair Sentencing Act did not modify 21 U.S.C. § 848(a). Colon now appeals the denial of his motion for relief under the First Step Act.

## II.   ANALYSIS

This appeal centers around whether a CCE conviction under § 848(a) qualifies as a covered offense under the First Step Act. We review questions of statutory interpretation de novo. *United States v. McSwain*, 25 F.4th 533, 537 (7th Cir. 2022). We review the discretionary denial of a sentence-reduction motion for an abuse of discretion. *Id.*

### A. Legal Background

#### 1. First Step Act and Fair Sentencing Act

With the passage of the Fair Sentencing Act of 2010, Congress sought to remedy "the tremendous disparities in punishment of powder-cocaine and crack-cocaine offenses [that] disparately impacted African Americans." *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020); *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). To that end, the Fair Sentencing Act raised the threshold of crack cocaine needed for the five-year minimum sentence from five grams to twenty-eight grams and raised the threshold for the ten-year

minimum sentence from fifty grams to 280 grams. Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010). The Fair Sentencing Act, however, was not retroactive. *See id.* So, Congress later passed the First Step Act of 2018, which made the benefits of the Fair Sentencing Act available to defendants sentenced before 2010. *United States v. Fowowe*, 1 F.4th 522, 525 (7th Cir. 2021); *Shaw*, 957 F.3d at 737.

Under the First Step Act, a defendant is eligible for a sentence reduction only if he previously was convicted of a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." Pub. L. No. 115-391, § 404, 132 Stat. 5222 (2018). The offense must also have been committed before the enactment of the Fair Sentencing Act in 2010. *Id.*

The First Step Act gives courts discretion to reduce the sentence of certain qualifying defendants. When a defendant files a motion under § 404 of the Act, the court conducts a two-step inquiry. First, the court considers whether the defendant is eligible for a sentence reduction. *McSwain*, 25 F.4th at 537. Second, if the defendant is eligible, the court considers whether it should reduce the defendant's sentence. *Id.* This appeal begins and ends with step one.

Colon was sentenced about a decade before the Fair Sentencing Act, and so his eligibility for a sentence reduction turns only on whether his CCE conviction is a "covered offense"—that is, whether section 2 or 3 of the Fair Sentencing Act modified the statutory penalties of his CCE conviction under § 848(a). *See* First Step Act § 404(a)–(b); *Terry v. United States*, 593 U.S. 486, 492 (2021).

The Supreme Court's decision in *Terry* goes a long way toward answering this question. The defendant in *Terry* dealt around four grams of crack cocaine and he was subject to the penalties found in § 841(b)(1)(C). *Terry*, 593 U.S. at 493. Section 841(b)(1)(C)'s penalties—zero to twenty years in prison—have been steady since the mid-1980s, long before the Fair Sentencing Act was passed. *See* Pub. L. No. 99-570, § 1002, 100 Stat. 3207 (1986). In other words, the defendant's "statutory penalties" were not "modified by" the Fair Sentencing Act, so he did not have a "covered offense" and was not entitled to a reduced sentence. *Terry*, 593 U.S. at 493–94. It didn't matter, in the Court's view, that other parts of the statute— namely, § 841(b)(1)(A)(iii) and § 841(b)(1)(B)(iii)—were modified by the Fair Sentencing Act. *Id.* The Court held that a conviction for purposes of relief under the First Step Act is a "covered offense" only if the Fair Sentencing Act modified the *specific statutory penalties* of a defendant's offense. *Id.* at 494. If the Fair Sentencing Act only modifies "the statute or statutory scheme" in some broader sense, then the First Step Act does not apply. *Id.*

### 2. Continuing Criminal Enterprise Offenses

This appeal is concerned with 21 U.S.C. § 848—the "drug kingpin" or continuing criminal enterprise statute. *See, e.g., United States v. Fischer*, 205 F.3d 967, 969 (7th Cir. 2000). Section 848 provides harsh penalties for anyone who—as a leader of five or more people—commits a continuing series of felony drug offenses that bring in substantial income. § 848(a), (c). The standard penalty for this offense, under § 848(a), is a twenty-year mandatory minimum prison sentence. If certain additional factors are found—including significant leadership and either substantial drug quantities or income—then

the CCE statute provides for a mandatory life sentence. § 848(b).

Every circuit court to pass upon the question of whether a CCE conviction under 21 U.S.C. § 848(a) qualifies as a "covered offense" under the First Step Act has concluded that because its penalties—twenty years to life imprisonment—were not altered by the Fair Sentencing Act, it does not qualify. *See United States v. Thomas*, 32 F.4th 420, 427 (4th Cir. 2022); *United States v. Lee*, No. 22-2295, 2023 WL 5422727, at *2 (8th Cir. Aug. 23, 2023) (non-precedential) (characterizing the analysis in *Thomas* as "persuasive"). That is the case even though the Fair Sentencing Act modified the penalties of the underlying drug-distribution offenses that would give rise to a CCE conviction. *Thomas*, 32 F.4th at 427–28.

In *Thomas*, the Fourth Circuit noted that, had the defendant been given a mandatory life sentence under § 848(b)(2)(A), he would have been eligible for resentencing under the First Step Act. *Id.* at 428–29. The court explained that this particular provision ties its enhanced penalties to the drug quantities found in § 841(b)(1)(B), which the Fair Sentencing Act *did* modify. *Id.* But because *Terry* directed lower courts to look only to the statutory penalties of a defendant's offense—and not the statutory scheme—the fact that a conviction under § 848(b)(2)(A) might be "covered" would not impact whether a conviction under § 848(a) entitles a defendant to be resentenced under the First Step Act. *Id.*[1]

---

[1] Whether a conviction under § 848(b)(2)(A) is a "covered offense" under the First Step Act is an open question in our circuit. Some courts have determined that the answer is yes. *See United States v. Clowers*, 62 F.4th 1377,

### B. Application

We agree with the Fourth Circuit's reading and straight-forward application of *Terry*: CCE convictions under § 848(a) are not covered offenses because the statutory penalties—twenty years to life imprisonment—were not altered by the Fair Sentencing Act. *Thomas*, 32 F.4th at 427; *Lee*, 2023 WL 5422727, at *2. Because Colon was charged, convicted, and sentenced under § 848(a), he was not convicted of a covered offense.

We also agree with the Fourth Circuit that, for defendants convicted under § 848(a), courts may not consider the statutes of predicate offenses that formed the basis of the criminal enterprise. *Thomas*, 32 F.4th at 427. As the court explained, after *Terry* only the statutory penalties for the defendant's offense are relevant, and so the statutory penalties for the underlying drug violations are not. *Id.* Thus, it does not matter that to convict Colon under § 848(a), the jury found that Colon conspired to distribute and did distribute cocaine in violation of § 846 and § 841(a)(1)—statutes that were partly modified by the Fair Sentencing Act. *Terry* teaches that only the penalties under § 848(a) may be considered, 592 U.S. at 493–94, and these penalties were not modified by the Act. The fact that Colon, unlike the defendant in *Thomas*, was also *convicted* under § 841(a)(1), does not help him because he was subject to penalties under § 841(b)(1)(C), which were not modified by the Act. *Id.* at 492–93.

Colon attempts to avoid these conclusions by arguing that he was convicted under § 848 generally, that he therefore

---

1380–81 (11th Cir. 2023); *United States v. Palmer*, 35 F.4th 841, 850 (D.C. Cir. 2022). We do not reach the question today.

faced penalties under both subsections (a) and (b), and his potential sentence under (b) establishes his eligibility because the Act indirectly altered these penalties. But a review of the record reveals that Colon was charged and sentenced under § 848(a). His indictment, PSR, sentencing transcript, post-sentencing orders, *see Colon*, 1999 WL 77226, at *1, and direct appeal, *see Souffront*, 338 F.3d at 816, all confirm this. And even if the court *could have* sentenced Colon under § 848(b), the statute that actually supplied his penalties—§ 848(a)—is what controls our analysis. *See Thomas*, 32 F.4th at 429 ("[T]he possibility that [the defendant] could have been sentenced under § 848(b) is irrelevant because what matters for our … inquiry is whether the Act modified the statutory penalties for his offense."); *Lee*, 2023 WL 5422727, at *2 ("That [the defendant] *could* have [been sentenced under § 848(b)] is beside the point under *Terry*.").

Because Colon's CCE conviction is not a "covered of-fense," he is ineligible for a sentence reduction.

### III.    CONCLUSION

For these reasons, we AFFIRM.