In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-1424

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERRY WALKER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 96-CR-04-1 — **J. P. Stadtmueller**, *Judge.*

ARGUED MAY 14, 2024 — DECIDED AUGUST 16, 2024

Before SYKES, *Chief Judge*, and PRYOR and KOLAR, *Circuit Judges*.

PRYOR, *Circuit Judge*. In late 1996, Jerry Walker was convicted of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848, and sentenced to life in prison. Following the passage of the First Step Act of 2018, Walker moved for a sentence reduction in 2020 arguing that his continuing criminal enterprise conviction qualified as a "covered offense" under the Act. The district court disagreed and

denied Walker's motion. For the reasons stated below, we affirm.

## I.  BACKGROUND

### A. Procedural Background

In the early months of 1996, Walker was charged in a multi-count federal indictment with various drug crimes, including conspiring to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 846, engaging in a continuing criminal enterprise ("CCE"), *id.* § 848, and distributing cocaine, *id.* §§ 841(a)(1) and 2. Following a jury trial, Walker was found guilty on all charges.

Before sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR").[1] The probation officer who prepared the PSR calculated Walker's statutory penalties. Determining that Walker's CCE conviction qualified as a Class A felony, the probation officer advised the court that Walker's statutory term of imprisonment was a mandatory 20 years to life in prison, pursuant to 21 U.S.C. § 848(a).[2] The government disagreed with this finding and filed an objection. The government maintained that Walker's CCE conviction qualified him for the mandatory sentencing enhancement of life imprisonment under § 848(b)—the "Super CCE" provision. The Probation Office agreed with the government and filed an addendum to the PSR concluding that Walker's statutory penalties were instead found in

---

[1] Dkt. 650.

[2] *Id.* at 44 ¶ 159.

§ 848(b), assuming the sentencing judge made the requisite findings.[3]

The probation officer utilizing the United States Sentencing Guidelines also calculated an offense level of 46 for the CCE count, based on the amount of cocaine attributable to the enterprise, the possession of firearms, and a two-level enhancement for obstruction of justice. *See* U.S.S.G. § 2D1.5(a)(1) & cmnt. n.1 (1995). With eight criminal history points establishing a criminal history category of IV, Walker's offense level yielded a mandatory guideline range of life imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (1995). Because of the binding nature of the sentencing guidelines at the time of Walker's sentencing, if the sentencing judge agreed with the PSR's calculation of Walker's guidelines range, the judge would have been obligated to sentence Walker to life in prison.[4]

During the sentencing hearing, the district court discussed the PSR and the addendum with the parties. Judge Randa found that Walker was responsible for at least 150 kilograms of cocaine. This drug quantity finding automatically triggered the sentencing guidelines' range of life imprisonment. *See* U.S.S.G. § 2D1.1(c)(1) (1995). It also satisfied one of the requirements for the sentencing enhancement found in the Super CCE provision of the drug kingpin statute, *see* 21 U.S.C. § 848(b)(2)(A), to be triggered. But Judge Randa never found that Walker was "the *principal* administrator, organizer, or leader" of the continuing criminal enterprise for which he had also been convicted, which is the second requirement for the

---

[3] Dkt. 651 at 1.

[4] Following the Supreme Court's decision in *United States v. Booker*, the sentencing guidelines became advisory. 543 U.S. 220, 226–27 (2005).

sentencing enhancement in 21 U.S.C. § 848(b)(1) to apply. Later in the hearing, however, Judge Randa determined, for purposes of applying a four-level upward adjustment under the sentencing guidelines, that Walker was an organizer, leader, manager, or supervisor of the drug operation. U.S.S.G. § 3B1.1(a) (1995).[5]

Judge Randa sentenced Walker to concurrent sentences of life imprisonment on Walker's drug conspiracy and CCE counts.[6] He mentioned the sentencing guidelines when announcing the term of imprisonment, but he never referenced any statutory provision to support the sentence.[7]

In 1998, we ordered that Walker's conviction and life sentence on the conspiracy charge be vacated. *United States v. Walker*, No. 97-2016 (7th Cir. Sept. 21, 1998) (non-precedential) (determining that conspiracy and CCE convictions were impermissible double punishments for same underlying conduct). The CCE conviction and its life sentence stayed intact.

**B. First Step Act Motion**

In late 2020—after spending nearly a quarter-century in prison—Walker moved for resentencing under Section 404 of the First Step Act of 2018, "which allow[ed] a court to reduce the sentence of a 'covered offense'—that is, an offense that had its statutory penalties modified by the Fair Sentencing Act of 2010." *United States v. Colon*, 100 F.4th 940, 942 (7th Cir. 2024) (per curiam). Walker argued that he was eligible for this

---

[5] Gov't's Sep. App. at 43–44.

[6] Judge Randa also gave Walker long-expired, three-year concurrent sentences on the cocaine-possession and money laundering charges.

[7] Gov't's Sep. App. at 176.

relief because his CCE offense was "covered" under the Act. On top of eligibility, Walker contended that he was a good candidate for resentencing, given his model behavior in prison.

Judge Stadtmueller—who was reassigned to this case after Judge Randa's passing—applauded Walker's rehabilitative efforts but denied the motion. *United States v. Walker*, No. 96-CR-04-1-JPS, 2023 WL 2142210, at *14 (E.D. Wis. Feb. 21, 2023).[8] Relying on the record, Judge Stadtmueller noted "it [did] not appear that Judge Randa imposed or considered imposing a statutory mandatory life sentence pursuant to § 848(b)." *Id.* at *11. Without those requisite findings for the Super CCE enhancement, Judge Stadtmueller concluded that Walker had been sentenced for purposes of the CCE conviction under 21 U.S.C. § 848(a), and that this conviction was not a "covered offense" for purposes of First Step Act relief. Walker now appeals that decision.

## II.   ANALYSIS

The First Step Act of 2018 gives district courts the discretion to reduce the sentence of a defendant previously convicted of certain "covered" drug offenses.[9] *Colon*, 100 F.4th at

---

[8] Judge Stadtmueller also denied Walker's motion for compassionate release based on COVID-19. *Walker*, 2023 WL 2142210, at *12–14. Walker does not appeal this part of the decision.

[9] A "covered" drug offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. The offense must also have been committed before the enactment of the Fair Sentencing Act in 2010. *Id.*

942; *see also United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020).

Deciding a motion under this Act involves two steps. First, the court considers whether the defendant is *eligible* for a sentence reduction by determining whether his conviction is a "covered offense." *United States v. McSwain*, 25 F.4th 533, 537 (7th Cir. 2022). If the defendant's conviction qualifies as a "covered offense," then the court must decide—using its discretion—whether it *should* reduce the defendant's sentence. *Id.*

This appeal focuses on step one: eligibility for relief. The district court found that Walker was ineligible for First Step Act relief because he was sentenced under 21 U.S.C. § 848(a), which the court determined was not a "covered offense." We see both factual and legal aspects to this determination.

We start with the factual determination that Walker was sentenced under 21 U.S.C. § 848(a). The district judge's factual findings on this issue are reviewed only for "clear error." *Kirkland v. United States*, 687 F.3d 878, 883 (7th Cir. 2012); *accord United States v. Coleman*, 66 F.4th 108, 110 (3d Cir. 2023). This is a deferential standard, as factual findings are "clearly erroneous only if … we cannot avoid or ignore a definite and firm conviction that a mistake has been made." *United States v. Huskisson*, 926 F.3d 369, 376 (7th Cir. 2019).

Looking at the record, Walker's life sentence on his CCE conviction could be explained in two ways. One possibility is that § 848(a) allowed Walker to be sentenced to anywhere between 20 years and life in prison, but the then-mandatory sentencing guidelines dictated a life sentence. Another possibility is that § 848(b), as well as the sentencing guidelines, both

required the judge to sentence Walker to life in prison. Recall at Walker's sentencing hearing, Judge Randa never identified which of these two scenarios drove Walker's life sentence. No other part of the record does so, either. The parties agree—as do we—that this makes the record ambiguous as to what portion of § 848 provided Walker's life sentence.[10]

In deciding Walker's motion, Judge Stadtmueller sifted through the record and determined that § 848(a) most likely supplied this statutory penalty. This finding, given that it was made on a concededly ambiguous record, cannot be clear error. *United States v. Protho*, 41 F.4th 812, 825 (7th Cir. 2022) (noting that "we cannot overturn a district court's factual findings based on an alleged ambiguity").

At the time of Walker's sentence, the mandatory life sentence found in § 848(b)—the Super CCE statute—was understood to be a "sentencing enhancement" triggered by judge-found facts. *United States v. Kramer*, 955 F.2d 479, 485 n.4 (7th Cir. 1992). These facts included—as relevant here—that (1) Walker was "the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders" and (2) that the CCE violation "involved at least 300 times the quantity of a substance described in" § 841(b)(1)(B). 21 U.S.C. § 848(b)(1), (2)(A).[11]

From the record, it appears Judge Randa did not make both findings. True, he found that Walker was responsible for

---

[10] Walker Br. at 15; Gov't Br. at 21.

[11] These findings, which could increase Walker's statutory mandatory minimum, did not need to be submitted to a jury, given that Walker's sentencing took place before the Supreme Court decided *Alleyne v. United States*, 570 U.S. 99 (2013).

at least 150 kilograms of cocaine, which was—at the time—
300 times the quantity of cocaine described in
§ 841(b)(1)(B)(ii). But Judge Randa failed to determine
whether Walker was "the *principal* administrator, organizer,
or leader of the enterprise or [that he was] one of several such
*principal* administrators, organizers, or leaders." § 848(b)(1)
(emphasis added).

To be sure, Judge Randa highlighted the pivotal role that
Walker played in the drug enterprise. For example, in discuss-
ing the drug quantity that Walker should be responsible for,
Judge Randa referred to Walker as the "quote, leader, close
quote" of the drug-dealing operation.[12] But the plain text of
§ 848(b)(1) requires more than that for its mandatory life sen-
tence to kick in. The life sentence arises only if the defendant
was a *principal* leader—in other words, that the defendant was
the "most important" or the "highest in rank" in the organi-
zation. *Principal*, BLACK'S LAW DICTIONARY (5th ed. 1979). But
Judge Randa did not grapple with where Walker was in the
context of the drug organization, and thus he did not make
the requisite findings needed to trigger the life sentence under
§ 848(b). *Cf. Kramer*, 955 F.2d at 481, 484, 492 (affirming life
sentence after jury was instructed on—and found—that de-
fendants were "principal" leaders of drug organization).

Even so, we acknowledge that there are some factors that
might lead one to think that Walker was sentenced under
§ 848(b). Going into the sentencing hearing, both the govern-
ment and the PSR author believed that § 848(b) provided
Walker's statutory penalties. Indeed, at oral argument in this
case, the government readily conceded that Walker could

---

[12] Gov't's Sep. App. at 28–29.

have been sentenced under § 848(b). But as we recently held in *United States v. Colon*, determining the statute of conviction for First Step Act purposes does not depend on what the sentencing judge *could* have done. 100 F.4th at 944. What matters instead is what the sentencing judge *did*. *Id.* Here, Judge Randa never made the requisite findings to trigger § 848(b)'s heightened penalties. Thus, Judge Stadtmueller did not clearly err in determining that Walker was sentenced under § 848(a).

With that established, we turn to the legal question of whether a conviction under § 848(a) is a "covered offense" for purposes of the First Step Act. We review this question of statutory interpretation de novo. *E.g.*, *United States v. Curtis*, 66 F.4th 690, 693 (7th Cir. 2023). After briefing concluded in this case, we answered this second question in *Colon*, 100 F.4th at 943–44, finding a § 848(a) conviction was not a "covered offense" eligible for relief by the Fair Sentencing Act. *Id.* at 942 (noting that an offense is "covered" only if its "statutory penalties … were modified by section 2 or 3 of the Fair Sentencing Act"). The same result follows here.[13]

### III.   CONCLUSION

The district court did not clearly err in finding that Walker was sentenced under § 848(a). This offense, for purposes of a sentencing reduction, does not qualify as a "covered offense" pursuant to the First Step Act. For those reasons, we AFFIRM

---

[13] This case—like *Colon*—does not require us to consider whether convictions under § 848(b) could count as "covered offenses" for purposes of the First Step Act. *See* 100 F.4th at 943 n.1 (citing cases from other circuits finding certain convictions under § 848(b) could count as "covered offenses").

the district court's denial of Walker's motion for First Step Act relief.